948 A.2d 158

IN THE MATTER OF ROBERT S. FISHER,
AN ATTORNEY AT LAW.

May 30, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–272, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14(a)(4)(E), **ROBERT S. FISHER,** formerly of **PHILADELPHIA, PENNSYLVANIA,** who was admitted to the bar of this State in 1988, and who has been suspended from the practice of law since August 2, 2004, by Orders of this Court filed July 9, 2004, and September 12, 2005, should be suspended from the practice of law for a period of two years based on discipline imposed in the Commonwealth of Pennsylvania that in New Jersey constitutes violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.4(a) and (b) (failure to communicate with clients) *RPC* 1.16(a)(2) (the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client), *RPC* 1.16(a)(2) and (3) (failure to withdraw from representation), and *RPC* 8.4(c) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having concluded that the term of suspension should be retroactive to the date of respondent's discipline in Pennsylvania, that respondent should not be reinstated to practice in New Jersey until he is reinstated in Pennsylvania and that prior to reinstatement, respondent should be required to submit proof of fitness to practice;

And good cause appearing;

It is ORDERED that **ROBERT S. FISHER** is suspended from the practice of law for a period of two years, retroactive to

September 19, 2006, and until the further Order of the Court; and it is further

ORDERED that respondent shall· not be reinstated to practice in New Jersey until he is reinstated in Pennsylvania and until he submits proof of his mental fitness to practice as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent shall continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.